THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH

| | |
|---|---|
| JONATHAN RAY GAMBLE,<br><br>Plaintiff,<br><br>v.<br><br>COLLEEN HANSEN, MARIA BANUELOS, and SOFIA BANUELOS,<br><br>Defendants. | MEMORANDUM DECISION AND ORDER<br><br><br>Case No. 1:24-cv-00134-JCB<br><br><br>Magistrate Judge Jared C. Bennett |

    Under 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73, pro se Plaintiff Jonathan Ray Gamble ("Mr. Gamble") has consented to Judge Jared C. Bennett conducting all proceedings in this case, including entry of final judgment.[1] Before the court is Mr. Gamble's complaint.[2] Mr. Gamble has been permitted to proceed in forma pauperis under 28 U.S.C. § 1915 ("IFP Statute").[3] Accordingly, the court reviews the sufficiency of Mr. Gamble's complaint under the authority of the IFP Statute. Upon review, the court lacks subject-matter jurisdiction over Mr. Gamble's claims, and Mr. Gamble fails to state claims upon which relief can be granted. Additionally, providing Mr. Gamble with an opportunity to amend his complaint would be futile. Therefore, the court dismisses this case without prejudice.

---

[1] ECF No. 5.

[2] ECF No. 1.

[3] ECF No. 4.

## BACKGROUND

Mr. Gamble's complaint names as defendants Colleen Hansen, Maria Banuelos, and Sofia Banuelos (collectively, "Defendants").[4] Mr. Gamble's complaint contains the following allegations in support of his claims:

- Mr. Gamble has "had one large dog exit [their] property and enter [his] property[.] [The dog ran] to [Mr. Gamble] in a[n] [a]gressive way by b[]aring teeth[,] growling[,] and hair standing up on its back."[5]

- Mr. Gamble "fear[s] severe bodily injury or death."[6]

- Mr. Gamble's "oldest granddaughter Jayda had many account[s] of the dog coming on the property and attacking her [grandmother and] . . . nipping at her heels [when] she walk[s] home from school."[7]

- "[T]here was no owner to be found for this dog."[8]

- "[F]rom [M]ay of 2017 to the ongoing date[,] Callalilly[,] [Mr. Gamble's] second granddaughter[,] was walking home from school with her little brother [Ryken,] [and] a dog from the property was off lea[sh] and chased them home."[9]

- "[A]t a later date[,] Kenneth [S]now was walking to work . . . when he was surrounded by three dogs growling at him[,] barking at him[,] and trying to nip at him."[10]

- "[W]hen police were notified[,] [Mr. Gamble was] told to bring it to town council and animal control and that it is a civil matter."[11]

---

[4] ECF No. 1.

[5] *Id.* at 7.

[6] *Id.*

[7] *Id.*

[8] *Id.*

[9] *Id.* at 8.

[10] *Id.*

[11] *Id.*

- "After this situation happened[,] weeks f[o]llowed by 15 or more reports of dogs being lo[o]se and showing aggression [toward] those who live on [Mr. Gamble's] property."[12]

- "[W]eeks f[o]llowing[,] there was a situation that occurred when Kenneth [S]now was told by Ryder . . . that he was being chased by a dog from the [neighboring] property address[,] 104 [N]orth [S]tone [R]oad[,] [S]nowville[,] [UT]."[13]

- "Kenneth [S]now followed Ryder to the front yard at this point armed with a gun due to past situations . . . . [H]e was [met] by the dog . . . showing aggressive behavior . . . . Kenneth [S]now felt in fear for his safety[,] so he shot and killed the dog."[14]

Based upon these allegations, Mr. Gamble appears to assert causes of action for "Attacking Animals" and "18-1-2[,] Dogs acting together."[15]

## LEGAL STANDARDS

To review Mr. Gamble's complaint, the court must consider two legal standards. First, the court considers the standard under Fed. R. Civ. P. 12(b)(1) regarding lack of subject-matter jurisdiction. Second, the court considers the standard under Fed. R. Civ. P. 12(b)(6) regarding failure to state claims upon which relief can be granted. Each legal standard is set forth below.

### I. Subject-Matter Jurisdiction

"The federal courts are courts of limited subject-matter jurisdiction."[16] Under 28 U.S.C. § 1331, federal district courts "shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." "A case arises under federal law if its

---

[12] *Id.*

[13] *Id.*

[14] *Id.* at 8-9.

[15] *Id.* at 7.

[16] *Gad v. Kan. State Univ.*, 787 F.3d 1032, 1035 (10th Cir. 2015).

well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law."[17]

Under 28 U.S.C. § 1332(a)(1), federal district courts "shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs, and is between . . . citizens of different states." "[An individual] is a citizen of the state in which he or she is domiciled. Domicile, in turn, is the combination of physical presence in a location and an intent to remain there indefinitely."[18] Diversity jurisdiction is determined at the time of filing the complaint or at the time of removal.[19]

Fed. R. Civ. P. 12(b)(1) allows a court to dismiss a complaint for "lack of subject-matter jurisdiction." The party invoking federal jurisdiction bears the burden of establishing such jurisdiction.[20] To do so, the plaintiff "must allege in [his] pleading the facts essential to show jurisdiction, and must support [those facts] by competent proof."[21] When it appears that a federal court lacks jurisdiction over the subject matter, the court must dismiss the action under Rule

---

[17] *Morris v. City of Hobart*, 39 F.3d 1105, 1111 (10th Cir. 1994) (quotations and citation omitted).

[18] *Martinez v. Martinez*, 62 F. App'x 309, 313 (10th Cir. 2003) (citation omitted).

[19] *Grupo Dataflux v. Atlas Global Grp., L.P.*, 541 U.S. 567, 570 (2004) ("It has long been the case that the jurisdiction of the court depends upon the state of things at the time of the action brought." (quotations and citation omitted)).

[20] *Radil v. Sanborn W. Camps, Inc.*, 384 F.3d 1220, 1224 (10th Cir. 2004).

[21] *U.S. ex rel. Precision Co. v. Koch Indus.*, 971 F. 2d 548, 551 (10th Cir. 1992) (second alteration in original) (quotations and citations omitted).

12(b)(1).[22] Federal courts "have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party," and thus a court may *sua sponte* raise the question of whether there is subject-matter jurisdiction at any stage of the litigation.[23]

## II. Failure to State a Claim

Whenever the court authorizes a party to proceed without payment of fees under the IFP Statute, the court is required to "dismiss the case at any time if the court determines that . . . the action . . . fails to state a claim on which relief may be granted."[24] In determining whether a complaint fails to state a claim for relief under the IFP Statute, the court employs the same standard used for analyzing motions to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6).[25] Under that standard, the court "look[s] for plausibility in th[e] complaint."[26] More specifically, the court "look[s] to the specific allegations in the complaint to determine whether they plausibly support a legal claim for relief. Rather than adjudging whether a claim is 'improbable,' '[f]actual allegations [in a complaint] must be enough to raise a right to relief above the speculative level.'"[27]

---

[22] *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 506 (2006); *see also* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

[23] *Id.* at 514.

[24] 28 U.S.C. § 1915(e)(2)(B)(ii).

[25] *Kay v. Bemis*, 500 F.3d 1214, 1217-18 (10th Cir. 2007).

[26] *Id.* at 1218 (quotations and citations omitted) (second alteration in original).

[27] *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007)) (other quotations and citation omitted) (second and third alterations in original).

Additionally, Fed. R. Civ. P. 8 is incorporated into the court's Rule 12(b)(6) analysis.[28] Rule 8(a)(2) requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'"[29] "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."[30] Rule 8 requires, at least, that the allegations of a complaint put the defendant fairly on notice of the claims against him.[31] The twin purposes of a complaint are to give the opposing party that notice so that he may respond and to allow the court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief.[32]

In analyzing Mr. Gamble's complaint, the court is mindful that he is proceeding pro se and that "[a] pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers."[33] However, it is not "the proper function of the district court to assume the role of advocate for the pro se litigant,"[34] and the court "will not

---

[28] *U.S. ex rel. Lemmon v. Envirocare of Utah, Inc.*, 614 F.3d 1163, 1171 (10th Cir. 2010).

[29] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555, 557) (alteration in original).

[30] *Id.*

[31] *Twombly*, 550 U.S. at 555.

[32] *Monument Builders of Greater Kan. City, Inc. v. Am. Cemetery Ass'n of Kan.*, 891 F.2d 1471, 1480 (10th Cir. 1989).

[33] *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991); *see also, e.g.*, *Ledbetter v. City of Topeka, Kan.*, 318 F.3d 1183, 1187 (10th Cir. 2003).

[34] *Bellmon*, 935 F.2d at 1110 (citations omitted).

supply additional facts, nor will [it] construct a legal theory for [a pro se] plaintiff that assumes facts that have not been pleaded."[35] Indeed, as the Court of Appeals for the Tenth Circuit stated:

> The broad reading of [a pro se] plaintiff's complaint does not relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based. . . . [C]onclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be based. This is so because a pro se plaintiff requires no special legal training to recount the facts surrounding his alleged injury, and he must provide such facts if the court is to determine whether he makes out a claim on which relief can be granted. Moreover, in analyzing the sufficiency of the plaintiff's complaint, the court need accept as true only the plaintiff's well-pleaded factual contentions, not his conclusory allegations.[36]

After reviewing a pro se plaintiff's complaint under the IFP Statute, the court may dismiss the complaint for failure to state a claim "only where it is obvious that the plaintiff cannot prevail on the facts he has alleged[,] and it would be futile to give him an opportunity to amend."[37]

## ANALYSIS

As demonstrated below, Mr. Gamble fails to: (I) establish the court's subject-matter jurisdiction, and (II) state claims upon which relief can be granted. Accordingly, the court dismisses this case without prejudice.

---

[35] *Dunn v. White,* 880 F.2d 1188, 1197 (10th Cir. 1989) (per curiam).

[36] *Bellmon,* 935 F.2d at 1110 (citations omitted).

[37] *Kay,* 500 F.3d at 1217 (quotations and citation omitted).

I.      **Mr. Gamble Fails to Establish the Court's Subject-Matter Jurisdiction.**

As the plaintiff in this action, Mr. Gamble bears the burden of establishing federal jurisdiction.[38] To do so, he "must allege in [his] pleading the facts essential to show jurisdiction, and must support [those facts] by competent proof."[39] In this case, the court lacks subject-matter jurisdiction over Mr. Gamble's claims because he has not established that this action arises under federal law or that the parties in this action are citizens of different states. As to bringing a claim under federal law, Mr. Gamble does not cite to or mention any federal law under which his action is brought. Instead, it appears Mr. Gamble brings this suit under municipal code and a state statute.[40] Regarding diversity of citizenship, the complaint indicates that all parties are citizens of Utah—a fatal jurisdictional problem for this case. Consequently, the court lacks subject-matter jurisdiction over Mr. Gamble's claims.

II.     **Mr. Gamble's Complaint Fails to State Claims Upon Which Relief Can Be Granted.**

Even if the court had subject-matter jurisdiction over this case, all the factual allegations in Mr. Gamble's complaint are conclusory in nature and, therefore, fail to satisfy the minimum pleading standards under Rule 8(a)(2) and Rule 12(b)(6). Mr. Gamble fails to make any specific, intelligible allegations about Defendants' alleged actions. Instead, he makes only conclusory

---

[38] *Penteco Corp. Ltd. P'ship--1985A v. Union Gas Sys., Inc.*, 929 F.2d 1519, 1521 (10th Cir. 1991).

[39] *U. S. ex rel. Precision Co.*, 971 F. 2d at 551 (second alteration in original) (quotations and citations omitted).

[40] Mr. Gamble references "Attacking Animals" and "18-1-2[,] Dogs acting together" before his complaint's factual allegations. ECF No. 1 at 7. Although it is not precisely clear what code Mr. Gamble is citing, in liberally construing his complaint, the court determines that he may be referencing Salt Lake City, Utah, Ordinance 8.04.410, Animals Attacking Persons and Animals, https://codelibrary.amlegal.com/codes/saltlakecityut/latest/saltlakecity_ut/0-0-0-49722 (last visited Jan. 2, 2025), and Utah Code Ann. § 18-1-2, Dogs acting together.

allegations about a group of dogs near his property without drawing any connection between these dogs and Defendants. By failing to identify who did what to whom, it is unclear how each Defendant was involved in any wrongdoing. Therefore, Mr. Gamble fails to state any claims upon which relief can be granted.[41]

### ORDER

For the reasons stated above, the court HEREBY ORDERS:

1. This case is DISMISSED WITHOUT PREJUDICE.

2. Mr. Gamble's motion to proceed in forma pauperis[42] is GRANTED.

IT IS SO ORDERED.

DATED this 2nd day of January 2025.

BY THE COURT:

JARED C. BENNETT
United States Magistrate Judge

---

[41] *Bellmon,* 935 F.2d at 1110 (providing that the "broad reading" accorded to a pro se plaintiff's complaint "does not relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based" and that "conclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be based").

[42] ECF No. 2.